# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES  DIVISION

DONALD J. SPEARS, SR., ET AL  *     CIVIL ACTION NO. 07-1701

VERSUS                                      *     JUDGE DOHERTY

CINTAS SALES CORP., ET AL     *     MAGISTRATE JUDGE HILL


### MEMORANDUM RULING ON MOTION TO REMAND

Pending before the undersigned is the Motion to Remand filed by plaintiffs, Donald J. Spears, Sr. and Constance E. Spears ("Spears"), on November 14, 2007. [rec. doc. 9].  Defendants, Cintas Sales Corporation, Cintas Corporation No. 2, and Cintas Corp. No. 81 ("Cintas"), have filed opposition.  [rec. doc. 12].  Oral argument was held on  the motion on December 19, 2007, after which the undersigned took the motion under advisement.  For the following reasons, the motion is **DENIED**.

### Background

Plaintiffs filed suit for injuries sustained to Donald Spears on November 3, 2005, when his uniform, which was manufactured and laundered by Cintas, caught fire while he was working as a shop foreman for his employer, Apeck Construction, Inc. ("Apeck").  On November 2, 2006, plaintiffs brought an action in the 30th Judicial District Court for the Parish of Vernon, State of Louisiana, against Cintas

under the Louisiana Products Liability Act, La. Rev. Stat. Ann. § 9:2800.51, *et seq*. Plaintiffs also asserted a claim against Apeck, alleging that "the entire or partial cause of this incident and the resulting injuries and damages were the intentional acts and omissions of APECK for its failure to supply appropriate flame retardant uniforms when it was substantially certain . . . that Petitioner, Donald J. Spears, would be exposed to welding, blow torches, open flames, and extremely hot equipment during his daily duties for APECK." [rec. doc. 1, ¶ 19].  Plaintiffs further alleged that "[i]t was inevitable that injury would occur to Donald J. Spears when exposed to such conditions in a non-flame retardant uniform." [rec. doc. 1, ¶ 19].

On October 9, 2007, defendants took Donald J. Spears' deposition. Defendants assert that during that deposition, Spears testified to facts which show that plaintiffs' exclusive remedy against Apeck was limited to worker's compensation benefits, and that the intentional act provisions (LSA-R.S. 23:1032B) of the Louisiana Worker's Compensation Act (LWCA) LSA-R.S. 23:1021, *et seq*., did not apply so as to allow Spears to recover against Apeck in tort.

On October 15, 2007, defendants removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In the notice of removal, defendants asserted that Apeck, a Louisiana corporation, was improperly joined as a party to this action because there was no possibility of recovery against it under Louisiana law.

2

On November 14, 2007, plaintiffs filed the instant motion to remand on the grounds that: (1) Apeck was properly named as a defendant, and thus there was no fraudulent joinder in this case, and (2) defendants failed to timely file the Notice of Removal.

### Law and Analysis

**Improper  Joinder**

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  To determine whether jurisdiction is present for removal, the court must consider the claims in the state court petition as they existed at the time of removal.  *Id*.

To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 ( 5th Cir. 2004). Relatedly, a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction.  *Larroquette v. Cardinal Health 200, Inc*., 466 F.3d 373, 376 (5th Cir. 2006).

3

Defendants assert that Apeck was improperly joined in this suit because Donald Spears' claim against his employer is barred by the LWCA, specifically, § 1032, which provides, in pertinent part, as follows:

> A. (1)(a) *Except for intentional acts* provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, *shall be exclusive* of all other rights, remedies, and claims for damages . . .

(emphasis added).  LSA-R.S. 23:1032(A)(1)(a).  Thus, defendants argue that because plaintiffs' claims against Apeck do not arise from an intentional act, the LWCA provides the exclusive remedy as against Apeck, and that Apeck is therefore not liable to Spears in tort.

Both parties agree that the Louisiana Supreme Court narrowly construes the intentional act exception to the LWCA.  *Reeves v. Structural Preservation Systems*, 98-1795  (La. 3/12/99); 731 So.2d 208, 211.  An act is only intentional when the employer either: (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result."  *Id*.  Defendants argue that plaintiffs cannot maintain a cause of action against Apeck for an intentional act and, thus, Apeck was improperly joined in this suit.

4

The Fifth Circuit has recognized two tests for establishing improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Larroquette*, 466 F.3d at 376 (*quoting Smallwood*, 385 F.3d at 573) (internal quotations and citation omitted).  The first test does not apply here.  The second test involves an inquiry into "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (*quoting Smallwood*, 385 F.3d at 573) (internal citation omitted).

Accordingly, this Court must determine whether, in this case, there is arguably a reasonable basis for predicting that state law might impose liability on Apeck. *Ross v. Citifinancial, Inc*., 344 F.3d 458, 462 (5th Cir. 2003); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Id*.; *Badon v. RJR Nabisco, Inc*., 236 F.3d 282, 286 n. 4 (5th Cir. 2000) (rejecting contention that theoretical possibility of recovery is enough to support no fraudulent joinder, citing the "reasonable basis" standard).

The Court may resolve the issue of improper proper joinder in one of two ways. First, the Court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  *Smallwood,* 385 F.3d at 573-574.  Ordinarily, under this analysis, if a plaintiff could survive a Rule 12(b)(6) challenge, there is no improper joinder.  *Id.*  However, there are cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  *Id.*  In such cases, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry.  *Id.*

The Fifth Circuit cautions that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.  *Id.*  Any piercing of the pleadings should not entail substantial hearings.  *Id.*  "Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity."  *Id.* at 574.  Limited discovery has already occurred in this case, before removal.

In this case, defendants rely on Donald Spears' deposition testimony to establish that plaintiffs cannot maintain a cause of action against Apeck for an

intentional act.  At that deposition, Spears testified as follows:

Q:     So you don't blame or put any responsibility on Apeck for the

accident, is that correct?

A:     Yeah.

Q:     Can you tell me anything Apeck did wrong or negligent or intentional

that caused your injury?

A:     No, other than being ignorant of the fact of the clothing.  That's about

it.

[rec. doc. 12, Exhibit B, p. 88, lines 24-25, p. 89, lines 1-7].

Q:     So do you don't think there's any way Apeck could have anticipated

this happening?

A:     No.

[rec. doc. 12, Exhibit B, p. 93, lines 19-21].

Q:     Do you think that – is it your belief that Apeck knew that that was

going to happen to you?

A:     No, they didn't have no idea.

Q:     And you certainly don't believe, Mr. Spears, do you, that any of the

owners or the employees at Apeck wanted you to get injured, do you?

A:     No.

[rec. doc. 12, Exhibit B, p. 153, lines 1-8].

Mr. Spear's deposition testimony is the only evidence submitted relating to the intentional act exception to the LWCA.  While plaintiffs argue that discovery is just beginning, and that additional facts might be revealed that could bolster their case, the undersigned notes that this case has been pending for some time in state court.  The only evidence relating to the potential liability of Apeck is the testimony of Spears. His testimony, to wit, that there was no way that Apeck had any idea  that his uniform would burn, and that he believed that no one at Apeck desired his injury, is, at least at this point, dispositive of the issue. In short, no evidence which would even arguably allow recovery against the employer  under the intentional act exception to the LWCA has been developed.  Simply stated, Spears has no "reasonable possibility of recovery" against Apeck in tort. *Ross*, supra and *Badon*, supra. If any evidence does develop during future discovery, plaintiffs can seek to amend the pleadings to add the employer.

Accordingly, since there is no "reasonable possibility" of recovery against Apeck, the undersigned finds that Apeck was improperly joined in this case and the motion to remand should be denied.

**Timeliness of Notice of Removal**

_____The time period for filing a notice of removal is set forth in 28 U.S.C. §

1446(b), which provides as follows:

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through service
> or otherwise, of a copy of the initial pleading setting forth the claim
> for relief upon which such action or proceeding is based, or within
> thirty days after the service of summons upon the defendant if such
> initial pleading has then been filed in court and is not required to be
> served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of
> removal *may be filed within thirty days after receipt by the defendant,*
> *through service or otherwise, of a copy of an amended pleading,*
> *motion, order or other paper from which it may first be ascertained*
> *that the case is one which is or has become removable*, except that a
> case may not be removed on the basis of jurisdiction conferred by
> section 1332 of this title more than 1 year after commencement of the
> action.

(emphasis added).  28 U.S.C.A. § 1446(b).

Plaintiffs assert that defendants should have ascertained that this case was

removable after Apeck filed its answer and raised its affirmative defenses.

Defendants argue that they were unable to determine that this case was removable

until they deposed Donald Spears.  Thus, the issue is whether the deposition of

Spears constitutes an "other paper" which triggered the 30-day delay for removal.

9

The Fifth Circuit definitively answered this question in the affirmative in *S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 494 (5th Cir. 1996).  There, the court held that a transcript of deposition testimony is an "other paper" which starts the running of the 30-day period for removal.  Plaintiffs conceded at the hearing that this was the law of this Circuit.

Accordingly, the Court finds that the Notice of Removal was timely filed.

## Conclusion

Based on the foregoing reasons, the motion to remand is **DENIED**.

Signed this January 2, 2008, Lafayette, Louisiana.


C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE